499 S.E.2d 822

**Nora RICHARDSON, Appellant,**

**v.**

**The STATE–RECORD COMPANY, INC., and John Doe, whose true name is unknown, Respondents.**

**No. 2816.**

Court of Appeals of South Carolina.

Heard Jan. 8, 1998.

Decided March 23, 1998.

M. Baron Stanton, Columbia, for appellant.

Jay Bender and Charles E. Baker, both of Baker, Barwick, Ravenel & Bender, Columbia, for respondents.

HOWELL, Chief Justice:

Nora Richardson appeals from the trial court's granting of summary judgment on her defamation claim in favor of The State–Record Company (publisher of *The State* newspaper) and John Doe, writer for *The State*, (together referred to as The State–Record).  We reverse and remand.

### I.

On April 23, 1994, Richardson was involved in an accident while driving her car.  The Traffic Collision Report indicated that Richardson struck Nathaniel Williams, police chief of Eastover, as he was standing outside of his vehicle.  After the accident, Williams sought treatment from Dr. Eugene Berg,

an orthopaedist. According to Dr. Berg, Williams sustained a 41% whole person impairment from injuries allegedly stemming from the accident. On May 11, 1995, Williams died.

Three days after Williams's death, The State–Record ran an article in its newspaper *The State* that read:

Eastover chief dies a year after being hit by car.

Eastover's police chief has died after being on medical leave for more than a year following a traffic accident in which a passing motorist hit him.

. . .

Williams, an Eastover native, never fully recovered from injuries suffered when he was hit by a car on April 23, 1994, [Mayor] Scott said. For the past three months, Williams had required an oxygen tank to breathe, he said.

Williams suffered back and leg injuries when he was hit by a car driven by Eastover resident Nora L. Richardson. Richardson was charged with driving too fast for conditions after her car struck Williams as he stood by a fire truck while investigating a late-night traffic accident on Griffins Creek Road. . . .

Two days later, *The State* ran a follow-up article that stated:

Chief's death won't bring new charges against driver

The driver of a car that hit Eastover's police chief last year will not face additional charges because of the chief's death last week, said Christy Cox, spokeswoman for the Highway Patrol.

Nora L. Richardson has pleaded guilty on a charge of driving too fast for conditions and been sentenced. It would be illegal to charge her a second time for the same crime, Cox said.

Nathaniel Williams was Eastover's police chief and only law enforcement officer when he was hit by Richardson's car April 23, 1994. He never fully recovered from the accident and died Thursday.

Richardson brought suit against The State–Record for defamation and false light invasion of privacy. Richardson's complaint alleged the true cause of William's death was rectal cancer. The trial court granted The State–Record's motion for summary judgment on the defamation cause of action.

## II.

■ The State–Record argues that we should affirm the trial court because it produced evidence tending to establish the truth of each sentence contained in the articles. Richardson counters that this position taken by The State–Record failed to address her claim that the articles defamed her by insinuating that she killed Williams. We agree with Richardson.

■ "Defamation need not be accomplished in a direct manner. A mere insinuation is actionable as a positive assertion if it is false and malicious and its meaning is plain." *Eubanks v. Smith*, 292 S.C. 57, 63, 354 S.E.2d 898, 901 (1987) (citation omitted).

In this case, Richardson complains that The State–Record defamed her by insinuating that she caused Williams's death. The State–Record did not contest Richardson's insinuation allegations. Given that this is a summary judgment review, we must view all the evidence in a light most favorable to Richardson, the non-movant. *City of Columbia v. American Civil Liberties Union of South Carolina, Inc.*, 323 S.C. 384, 386, 475 S.E.2d 747, 748 (1996). Thus, we find as a matter of law that a jury could find the articles insinuated that Richardson's accident was the contributing cause of Williams's death,[1] and the insinuation was defamatory.

■ Regardless of whether the articles contained a defamatory insinuation, The State–Record argues summary judgment was proper because Richardson cannot demonstrate that the actual information in the articles were false.[2] To support its

---

**1.** Although the trial court did not directly rule on the insinuation issue in its order, the trial court did recognize during the hearing that "the article seems—I mean a person reading the article could say that he died as result of injuries incurred in the accident. I mean a reasonable person reading it could conclude that, don't you think?"

**2.** Under South Carolina law, to state a cause of action for defamation, Richardson must allege the existence of some message that (1) is defamatory, (2) is published with actual or implied malice, (3) is false, (4) is published by the defendant, (5) concerned the plaintiff, and (6) resulted in legally presumed or in special damages. *Parker v. Evening Post Pub. Co.*, 317 S.C. 236, 242–43, 452 S.E.2d 640, 644 (Ct.App.1994). Even though Richardson is a private plaintiff, she claims she was

argument, The State–Record introduced the Traffic Collision Report to prove that Richardson hit Williams with her car and Dr. Berg's affidavit to prove that Williams never fully recovered from his injuries.

The truth of each sentence of the articles, viewed separately, is, however, irrelevant. To accurately illustrate a deficiency in Richardson's defamation claim, which would warrant summary judgment, The State–Record must demonstrate the absence of a genuine issue of material fact on whether Richardson's accident caused Williams's death. Rule 56, SCRCP; *Lawrence v. Bauer Pub. & Printing Ltd.*, 89 N.J. 451, 446 A.2d 469, 473 (1982) ("For the defense [of truth] to apply, however, the truth must be as broad as the defamatory imputation or 'sting' of the statement."); W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 116, at 842 (5th ed. 1984) (the truth defense must substantially cover the "gist" or the "sting" of the defamatory statement).

> The party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Standard Fire Ins. Co. v. Marine Contracting & Towing Co.*, 301 S.C. 418, 392 S.E.2d 460 (1990). With respect to an issue upon which the nonmoving party bears the burden of proof, this initial responsibility "may be discharged by 'showing'—that is, pointing out to the [trial] court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554, 91 L.Ed.2d at 275. The moving party need not "support its motion with affidavits or other similar materials negating the opponent's claim." *Id.* at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. (Emphasis in original).

*Baughman v. American Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991). The State–Record did nothing to show that Richardson lacked evidence proving that what the articles insinuated was false. Because The State–Record did not demonstrate the absence of a genuine issue of material fact on

defamed in a matter touching on public concern, the death of a sheriff, thus she bears the burden of proving falsity. *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986).

the element of falsity, Richardson did not have to come forward with any evidence. *Id.* Therefore The State–Record was not entitled to summary judgment on the falsity issue.

### III.

■ Richardson contends that the trial court erred in ruling that The State–Record was protected by a privilege to report on the contents of a public record. We agree.

The State–Record maintains that the articles were privileged because the articles were merely a reportage on matters contained in the Traffic Collision Report. A privilege exists for a fair and impartial report of matters contained in a public record. *Jones v. Garner,* 250 S.C. 479, 487, 158 S.E.2d 909, 913 (1968).

However, the privilege attending the publication of a news report arises by reason of the occasion of the communication, and a communication or statement which abuses or goes beyond the requirement of the occasion, loses the protection of the privilege. The privilege extends only to a report of the contents of the public record and any matter added to the report by the publisher, which is defamatory of the person named in the public records, is not privileged.

*Id.*

By insinuating that Richardson killed Williams, The State–Record went far beyond simply reporting the contents of the Traffic Collision Report. If, as Richardson claims, the sole cause of Williams's death was rectal cancer, then a jury could find that The State–Record by an act of omission framed the facts contained in the Traffic Collision Report with extraneous information that created a distorted picture of what really happened. This would support a finding that the overall result was two skewed articles that simply were not a fair and impartial report of a public record because nothing in the public record suggested that Williams died as a result of Richardson's injuries. Consequently a jury could find The State–Record went beyond the requirement of the occasion, and therefore cannot avail itself to the public records privilege.

Accordingly, we reverse this case and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

CURETON and HOWARD, JJ. concur.