607 S.E.2d 362

Dorothy L. SIDES and Arthur W. Sides, Appellants,

v.

**GREENVILLE HOSPITAL SYSTEM, Rodgers Builders Inc., and F.T. Williams Co., Inc., Defendants,**

**of whom Rodgers Builders Inc. and F.T. Williams Co., Inc. are Respondents.**

No. 3913.

Court of Appeals of South Carolina.

Heard Nov. 16, 2004.
Decided Dec. 20, 2004.
Rehearing Denied Jan. 26, 2005.

252

W. Grady Jordan, of Easley, for Appellants.

John P. Riordan and N. Heyward Clarkson, III, both of Greenville, for Respondents.

GOOLSBY, J.:

Dorothy Sides and her husband, Arthur, brought this action after Dorothy Sides fell at the Greenville Memorial Hospital while visiting her husband. The accident occurred near a

construction area in the parking lot. They sued the Greenville Hospital System, as well as the general contractor, Rodgers Builders, Inc., and a subcontractor, F.T. Williams Co., Inc. The trial court granted summary judgment to both the contractor and the subcontractor, and Mr. and Mrs. Sides appeal. We affirm.

## FACTS

In late 2000, Greenville Memorial Hospital was undergoing Phase V of a construction project, which included the addition of around 184,000 square feet of construction. Rodgers Builders was the general contractor for Phase V. F.T. Williams was a subcontractor for the project and was responsible for site preparation and construction, which consisted of demolition of the existing parking lot and pouring concrete.

On November 28, 2000, Mrs. Sides visited her husband at Greenville Memorial Hospital. Her daughter, Theresa Allen, accompanied her. They were parked in a hospital parking lot across from the emergency room. Mrs. Sides and Ms. Allen left the hospital after dark at around 7:00 p.m. and walked through an area in the parking lot where concrete had recently been poured, requiring them to follow a designated path. According to Mrs. Sides and Ms. Allen, the path was unlit because the bollard lights[1] in this area were not working. Mrs. Sides fell when she suddenly stepped off a curb that she could not see in the darkness. Ms. Allen also stumbled on the curb, but did not fall.

After the accident, a person identifying herself as a hospital employee called Ms. Allen to ask how Mrs. Sides was doing and where she had fallen. When Ms. Allen told her the fall had occurred where the lights were out, the employee allegedly stated, "Yes, we've had a problem with those lights. We've been meaning to get them fixed and we haven't been able to get them fixed yet."

Frederick Scott McMillan, a hospital employee who was the Project Coordinator for Phase V, testified in his deposition that something appeared to be cracked inside the lower casing

---

1. As indicated by the record, the "bollard lights" were lighting fixtures contained in low, thick posts or stands that were approximately three feet high.

of the bollard light near where Mrs. Sides fell. He noted concrete had recently been poured in the same area. Mr. McMillan admitted the Engineering and Security divisions of the hospital were responsible for, and maintained control of, the lighting in the area where Mrs. Sides fell.

Mr. and Mrs. Sides filed suit against the hospital, Rodgers Builders, and F.T. Williams. All defendants moved for summary judgment. The trial court denied the hospital's motion, but granted summary judgment to both Rodgers Builders and F.T. Williams. The court subsequently denied a motion to reconsider by Mr. and Mrs. Sides, and this appeal followed.

## STANDARD OF REVIEW

"An appellate court reviews a grant of summary judgment under the same standard applied by the trial court pursuant to Rule 56, SCRCP." *Lanham v. Blue Cross & Blue Shield of S.C., Inc.,* 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). "Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party." *Id.* at 361–62, 563 S.E.2d at 333. On appeal from an order granting summary judgment, an appellate court will review all ambiguities, conclusions, and inferences arising from the evidence in the light most favorable to the non-moving party. *Id.; see also Summer v. Carpenter,* 328 S.C. 36, 492 S.E.2d 55 (1997).

## LAW/ANALYSIS

Mr. and Mrs. Sides argue the trial court erred in ruling on the motions for summary judgment because Rodgers Builders and F.T. Williams presented no evidence in support of their motions. They further argue the trial court erred in granting summary judgment to both Rodgers Builders and F.T. Williams. We disagree.

### I. Evidence to Support a Motion for Summary Judgment

Mr. and Mrs. Sides submit that, because Rodgers Builders and F.T. Williams did not offer evidence in support of

their respective motions for summary judgment, the trial court should not have granted the motions. They further argue the trial court erred in relying upon only the evidence they themselves submitted.

Rule 56 of the South Carolina Rules of Civil Procedure provides that a party may move, with or without supporting affidavits, for summary judgment in his favor as to all or part of a claim. Rule 56(a), SCRCP. The trial court shall grant the motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* Rule 56(c).

■■■■ "Under Rule 56(c), the party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine issue of material fact." *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991). "With respect to an issue upon which the nonmoving party bears the burden of proof, this initial responsibility 'may be discharged by "showing"—that is, pointing out to the [trial] court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (alteration in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "The moving party need not 'support its motion with affidavits or other similar materials *negating* the opponent's claim.'" *Id.* (quoting *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548); *see also Richardson v. State–Record Co.*, 330 S.C. 562, 499 S.E.2d 822 (Ct.App.1998). Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial. *Baughman*, 306 S.C. at 115, 410 S.E.2d at 545.

Both Rodgers Builders and F.T. Williams brought to the attention of the trial court the absence of evidence to support their opponents' case. The burden then shifted to Mr. and Mrs. Sides to prove that a genuine issue of material fact did indeed exist. The trial court's consideration of evidence presented by Mr. and Mrs. Sides was appropriate and provides no grounds for reversal as the trial court must consider all of the evidence in the light most favorable to the non-moving party

in ruling on a motion for summary judgment. Although Mr. and Mrs. Sides were not required to make a submission, the trial court need not have excluded that evidence in determining whether any triable issues of fact existed.

## II. Rodgers Builders

■ Mr. and Mrs. Sides contend sufficient evidence was presented to survive summary judgment regarding the potential liability of Rodgers Builders for the accident under the premises liability theory that a contractor owes an invitee the same duties as a landowner owes an invitee. They further argue summary judgment as to Rodgers Builders was improper because the trial court did not grant summary judgment to the hospital.

■ A property owner owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from any breach of such duty. *Larimore v. Carolina Power & Light,* 340 S.C. 438, 531 S.E.2d 535 (Ct.App.2000). The property owner has a duty to warn an invitee only of latent or hidden dangers of which the property owner has or should have knowledge. *Id.* at 445, 531 S.E.2d at 538. A property owner generally does not have a duty to warn others of open and obvious conditions, but a landowner may be liable if the landowner should have anticipated the resulting harm. *Id.* at 445–46, 531 S.E.2d at 539.

■ "Under a premises liability theory, a contractor generally equates to an invitor and assumes the same duties that the landowner has, including the duty to warn of dangers or defects known to him but unknown to others." *Id.* at 448, 531 S.E.2d at 540. No contractor liability exists, however, for injuries resulting from dangers that were obvious or that should have been observed in the exercise of reasonable care. *Id.* "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries." *Id.* "If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *Id.*

Because a contractor's potential liability is based on the notion that it has superior knowledge, finding the contractor did not have such superior knowledge extinguishes its liability. In this case, Rodgers Builders did not have superior knowl-

edge of the lighting as the hospital admitted it was responsible for the lighting on the premises. According to Mr. McMillan, the hospital's Engineering and Security divisions maintained the lights. Thus, based on the absence of evidence suggesting Rodgers Builders had any superior knowledge, the trial court did not err in granting summary judgment to Rodgers Builders.

Moreover, the hospital, with superior knowledge, may have owed a duty to invitees that Rodgers Builders did not owe; consequently, the trial court acted properly in separately considering the duties owed by the respective parties in ruling on the motions for summary judgment. The fact that the trial court denied the hospital's motion for summary judgment did not automatically require the court to deny the motion by Rodgers Builders.

### III. F.T. Williams

■ Mr. and Mrs. Sides further argue the trial court erred in granting summary judgment to F.T. Williams as a subcontractor for the project. They argue Mrs. Sides fell in an area where concrete had recently been poured (the pouring of concrete being F.T. Williams's responsibility); however, they fail to assert anything other than their general allegation that the lack of lighting in the area caused Mrs. Sides's fall.

■ "[A] subcontractor is an invitee as to a general contractor." *Larimore*, 340 S.C. at 448 n. 18, 531 S.E.2d at 540 n. 18 (citing 62 Am.Jur.2d *Premises Liability* § 457 (1990)). In this case, the absence of evidence as to F.T. Williams's duty to Mrs. Sides supports the trial court's decision to grant summary judgment. And, even if F.T. Williams owed some duty to Mrs. Sides, we agree with the trial court that there was no evidence presented that F.T. Williams knew or should have known the lights were not working (assuming they were out) or that the fall was the result of anything that F.T. Williams did or did not do. Since there was no evidence F.T. Williams had superior knowledge of the lighting situation, we affirm the trial court's grant of summary judgment in this regard as well.

**AFFIRMED.**

HEARN, C.J., and WILLIAMS, J., concur.