697 S.E.2d 656

Frank PETERSON, Appellant,

v.

Charles PORTER and Tiffany Porter, Respondents.

No. 4702.

Court of Appeals of South Carolina.

Heard March 2, 2010.
Decided June 29, 2010.
Rehearing Denied Aug. 26, 2010.

Dwight Christopher Moore, of Sumter, for Appellant.

R. Hawthorne Barrett and Charles F. Moore, both of Columbia, for Respondents.

LOCKEMY, J.

Frank Peterson alleges the circuit court erred in granting Charles and Tiffany Porters' motion for summary judgment. Specifically, Peterson maintains the circuit court erred in: (1) finding he was an invitee on the Porters' property; (2) holding the Porters did not breach any duty owed to him; (3) failing to include in its order those facts that the court found relevant, determinative of the issues, and undisputed, sufficient to provide notice as to the rationale applied in granting summary judgment; and (4) failing to address evidence that he had an employer-employee relationship with the Porters. We affirm.

## FACTS

Peterson performed occasional odd jobs for the Porters around their home. While Peterson originally worked for the

Porters through a temporary employment agency, the Porters eventually hired him outside of the agency. In most instances, Peterson would contact the Porters whenever he wanted to earn extra money and offer to do any necessary work around their house or yard. The Porters paid Peterson $10 an hour, and he worked between once a month and six to ten times a year.

On September 13, 2003, Peterson contacted the Porters and asked if they needed any work done. Charles Porter offered to pay Peterson to pressure wash his home, and Peterson agreed. The Porters supplied Peterson with a pressure washer, ladder, and wash solution. They did not give Peterson specific instructions on how to perform the task and did not supervise him. Peterson admitted he never felt he needed any assistance or supervision while pressure washing and he felt safe while doing the work. Peterson was injured when he fell 14 feet off of the ladder. He was unable to recall how he fell or even exactly how the accident happened. Peterson could only recall that he was partly on the ladder and partly on the roof when he fell. Peterson suffered a severely broken leg and underwent several surgeries.

Peterson filed suit against the Porters alleging the Porters' negligence, gross negligence, and negligent supervision proximately caused his injuries. In his complaint, Peterson alleged the Porters (1) knew or should have known that he was not trained to safely perform the task assigned, (2) failed to provide him with the proper training and instruction necessary to safely perform the task assigned, and (3) failed to provide the equipment and support necessary to safely perform the task. Peterson sought damages for his (1) present and physical pain and suffering, (2) present and future mental anguish and shock, (3) present and permanent disability, (4) pre-trial medical expenses, (5) post-trial and future medical expenses, (6) present and future loss of income, and (7) loss of future earning capacity.

The Porters moved for summary judgment. The circuit court held the Porters were entitled to summary judgment because the facts of the case did not give rise to any liability under South Carolina law. The circuit court determined Peterson was an invitee on the Porters' property and the

Porters did not breach any duty owed to him. Furthermore, the circuit court determined the Porters did not provide unsafe equipment to Peterson, nor did they fail to warn him of any hidden dangers on their property. The circuit court found the record failed to demonstrate the Porters could have reasonably anticipated the specific harm Peterson suffered. Thereafter, the trial court denied Peterson's motion to reconsider. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wilson v. Moseley,* 327 S.C. 144, 146, 488 S.E.2d 862, 863 (1997). In ruling on a motion for summary judgment, the evidence and all inferences which can be reasonably drawn there from must be viewed in the light most favorable to the non-moving party. *Id.*

## LAW/ANALYSIS

### I. Employer–Employee Relationship

■ Peterson argues the circuit court erred in finding he was an invitee on the Porters' property. Specifically, Peterson contends he had an employer-employee relationship with the Porters. This issue is not preserved for our review. While Peterson raised the employer-employee argument in his motion to reconsider, he failed to raise it during the summary judgment proceedings; therefore, it is not preserved. *See McClurg v. Deaton,* 380 S.C. 563, 579–80, 671 S.E.2d 87, 96 (Ct.App.2008) (holding a party may not raise an issue for the first time in a motion to reconsider, alter or amend a judgment). Accordingly, we affirm the circuit court's determination that Peterson was an invitee on the Porters' property.

### II. Breach of Duty

■ Peterson also argues that assuming he was a business invitee on the Porters' property, the circuit court erred in finding the Porters did not breach any duty owed to him. We disagree.

 The circuit court determined Peterson was a "workman on the [Porters'] premises for business purposes," and thus, he was an invitee under South Carolina law. A business visitor "is an invitee whose purpose for being on the property is directly or indirectly connected with business dealings with the owner." *Sims v. Giles*, 343 S.C. 708, 717, 541 S.E.2d 857, 862 (Ct.App.2001). "A property owner owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from any breach of such duty." *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 256, 607 S.E.2d 362, 365 (Ct.App.2004). "The property owner has a duty to warn an invitee only of latent or hidden dangers of which the property owner has or should have knowledge." *Id.* "A property owner generally does not have a duty to warn others of open and obvious conditions, but a landowner may be liable if the landowner should have anticipated the resulting harm." *Id.*

The circuit court determined there was no evidence of any actionable negligence on the part of the Porters. The court found there was no evidence the Porters supplied Peterson with defective equipment or that the equipment caused Peterson to fall. Furthermore, the court determined there was no evidence of any defect or dangerous condition existing on the Porters' property. The court also found the roof's steep slope was an open and obvious condition, and, thus, the Porters did not have a duty to warn Peterson. The court noted there was no evidence anyone had ever fallen from the roof or that the Porters had any reason to believe a fall was likely. The court determined the Porters did not have a duty to instruct or supervise Porter in his work and there was no evidence Peterson's lack of education prevented him from safely performing his work. Peterson maintains the Porters had a duty to warn him of the inherent danger of pressure washing their home. Peterson also contends the Porters had a duty to provide him instructions for safely using the pressure washing equipment and with on-site supervision and guidance to mitigate any danger.

 "To prevail in a negligence action, a plaintiff must demonstrate: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the

breach." *Platt v. CSX Transp., Inc.*, 379 S.C. 249, 258, 665 S.E.2d 631, 635 (Ct.App.2008). Here, the Porters owed Peterson the duty of reasonable care and to warn him of latent or hidden dangers on their property. The record does not contain any evidence of dangerous or defective conditions on the Porters' property. There is no evidence there were any defects associated with the Porters' ladder, pressure washer, or roof. Furthermore, Peterson failed to establish that the Porters had a duty to give him instructions and supervise his work. Peterson failed to cite any legal authorities supporting his claim that the Porters had a duty to instruct and supervise him. Thus, there is no evidence the Porters breached the duty of reasonable care owed to Peterson as an invitee. Moreover, Peterson's negligence claim also fails because he did not produce any evidence that the Porters' negligence proximately caused his injuries.

■ Peterson also maintains the Porters had a duty to supervise him and warn him of any dangers on their property due to his mental capacity. Peterson argues his intellectual limitations required the Porters to provide him with detailed instructions and close supervision. Peterson was in special education classes in school and has an eighth grade education. According to a report issued by Vocational Rehabilitation Services, a psychologist assessing Peterson determined he was in the "low educable mentally handicapped range." However, the record does not demonstrate that Peterson's mental capacity required heightened supervision from the Porters or affected his ability to safely perform the pressure washing. Peterson admitted he understood and was comfortable with the task. He testified he never felt he needed any assistance or supervision while pressure washing and he felt safe while doing the work. Peterson had also performed the same type of pressure washing for the Porters the week before his accident without incident. In addition, Peterson had held full-time jobs and had worked for the Porters previously without any special supervision. Accordingly, we find Peterson's lack of education did not require close supervision or special instructions from the Porters, and we affirm the circuit court's grant of summary judgment.

## III. Sufficiency of the Circuit Court's Order

■ Peterson alleges the circuit court erred in failing to include in its order those facts that the court found relevant, determinative of the issues, and undisputed. He contends the circuit court order was not sufficient to provide him with clear notice as to the court's rationale for granting summary judgment. We disagree.

Peterson relies on *Bowen v. Lee Process Systems,* 342 S.C. 232, 536 S.E.2d 86 (Ct.App.2000) to support his argument. In *Bowen,* this court held:

> [A] trial court's order on summary judgment must set out facts and accompanying legal analysis sufficient to permit meaningful appellate review. Such an order must include those facts which the circuit court finds relevant, determinative of the issues and undisputed. In doing so, the trial court should provide clear notice to all parties and the reviewing court as to the rationale applied in granting ... summary judgment.

342 S.C. at 237–38, 536 S.E.2d at 88–89. Peterson argues the circuit court order fails to provide the court's rationale for granting summary judgment and fails to disclose the relevant facts that the court found determinative of the issues. The circuit court listed the following four legal principles in its order: (1) whether a legal duty exists is an issue of law for the trial court to decide, (2) if a legal duty does not exist, there can be no breach of that duty and no liability for negligence, (3) the common law imposes no duty on a person to act, and (4) a duty can arise by statute, contractual relationship, status, property interest, or some other special circumstance.[1] Peterson argues the cases the circuit court uses to support these legal principles are factually distinguishable from the present case, and thus, not applicable. While the cases cited by the circuit court differ factually from the present case, the legal propositions for which they are cited support the circuit court's analysis. Considering the order in its entirety, we find

---

1. We note the circuit court relied on the following cases in its order: *Doe v. Batson,* 345 S.C. 316, 323, 548 S.E.2d 854, 857 (2001), *Bishop v. S.C. Dept. of Mental Health,* 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998), *Degenhart v. Knights of Columbus,* 309 S.C. 114, 116, 420 S.E.2d 495, 496 (1992), and *McCullough v. Goodrich & Pennington Mortgage Fund, Inc.,* 373 S.C. 43, 47–48, 644 S.E.2d 43, 46 (2007), respectively.

it clearly indicates the circuit court's rationale for granting summary judgment. The order discusses all the facts the circuit court considered material to its summary judgment decision and contains a thorough analysis of the issues. Accordingly, we affirm the circuit court's grant of summary judgment.

## CONCLUSION

We find the circuit court did not err in granting the Porters' motion for summary judgment. Accordingly, the circuit court's order is

**AFFIRMED.**

SHORT and WILLIAMS, JJ., concur.