**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Yossi Haina, Appellant,

v.

Beach Market, LLC, Respondent.

Appellate Case No. 2013-000158

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2014-UP-215
Heard March 06, 2014 – Filed June 11, 2014

**AFFIRMED**

Marshall L. Horton and Lindsay Yoas Goodman, both of Horton Law Firm, LLC, both of Bluffton, for Appellant.

John H. Tiller, of Charleston, and Sarah Patrick Spruill, of Greenville, both of Haynsworth Sinkler Boyd, PA, for Respondent.

**PER CURIAM:** In this negligence action, Yossi Haina appeals the circuit court's grant of summary judgment in favor of Beach Market, LLC. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) ("An appellate court reviews the

granting of summary judgment under the same standard applied by the [circuit] court under Rule 56(c), SCRCP."); *id.* ("Rule 56(c) of the South Carolina Rules of Civil Procedure provides that a [circuit] court may grant a motion for summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c), SCRCP)); *Hancock v. Mid-South Mgmt. Co., Inc.*, 381 S.C. 326, 329-30, 673 S.E.2d 801, 802 (2009) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *Larimore v. Carolina Power & Light*, 340 S.C. 438, 444-45, 531 S.E.2d 535, 538 (Ct. App. 2000) ("The owner of property owes to an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty."); *Callander v. Charleston Doughnut Corp.*, 305 S.C. 123, 126, 406 S.E.2d 361, 362 (1991) ("A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (emphasis omitted) (citing Restatement (Second) of Torts § 343(A) (1965)); *Meadows v. Heritage Vill. Church & Missionary Fellowship, Inc.*, 305 S.C. 375, 378-79, 409 S.E.2d 349, 351-52 (1991) (finding the defendant had no duty to warn of an open and obvious condition when the plaintiff invitee did not show the defendant could have reasonably foreseen her decision to encounter that condition when reasonable alternatives were available); *Peterson v. Porter*, 389 S.C. 148, 154, 697 S.E.2d 656, 659 (Ct. App. 2010) (holding the defendant property owners owed the plaintiff invitee only "the duty of reasonable care and to warn [the plaintiff] of latent or hidden dangers on their property").

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**