783 S.E.2d 835

PROTECTION AND ADVOCACY FOR THE PEOPLE WITH DISABILITIES, INC.; M.J.B. on behalf of and as next friend of J.B.; C.B.B. on behalf of and as guardian of P.B.; G.C. and L.C. on behalf of and as next friend of A.E.; J.H. on behalf of and as next friend of A.J.; G.M. on behalf of and as next friend of E.M.; N.M. on behalf of and as guardian of E.J.M.; R.P. on behalf of and as guardian of S.P.; R.R. and J.R. on behalf of and as guardians of K.D.R.; and J.K. on behalf of and as guardian of S.S.; Appellants,

v.

SOUTH CAROLINA DEPARTMENT OF DISABILITIES AND SPECIAL NEEDS; Dr. Beverly Buscemi, in her official capacity as Director of the South Carolina Department of Disabilities and Special Needs; and Nancy Banor, Deborah McPherson, Christine Sharp, Rick Huntress, Fred Lynn, Harvey Shiver, and Kelly Hanson Floyd, as Commissioners of the South Carolina Department of Disabilities and Special Needs, Respondents.

Appellate Case No. 2014–000244.
No. 5383.

Court of Appeals of South Carolina.

Heard Jan. 7, 2016.
Decided Feb. 24, 2016.
Rehearing Denied April 22, 2016.

Steven W. Hamm and C. Jo Anne Wessinger Hill, both of Richardson Plowden & Robinson, PA, of Columbia, for appellants.

William H. Davidson, II and Kenneth P. Woodington, both of Davidson & Lindemann, PA, of Columbia, for respondents.

LOCKEMY, J.

Protection and Advocacy for the People with Disabilities, Inc. (P & A), et al. (collectively, Appellants), appeal the circuit court's grant of summary judgment for the South Carolina Department of Disabilities and Special Needs (DDSN), et al. (collectively, Respondents), arguing the court erred in (1) finding Appellants did not have standing; (2) failing to consider the fundamental purpose of the Declaratory Judgment Act; (3) ruling on the issue of binding norms; and (4) finding

DDSN is not required to promulgate regulations. We affirm in part, reverse in part, and remand.

## FACTS/PROCEDURAL BACKGROUND

Appellants filed this action on April 7, 2007. Appellants include anonymous guardians/friends on behalf of eleven anonymous disabled individuals, and P & A, a private, nonprofit corporation established pursuant to federal and state law to advocate for the rights of people with disabilities.

In their complaint, Appellants asserted DDSN, a state agency established to provide services to citizens with disabilities and their families, failed to promulgate regulations as required by sections 44–20–220, 44–20–790, and 44–26–180 of the South Carolina Code. Appellants sought an order requiring DDSN to "promptly promulgate regulations governing the operation of the department and the employment of professional staff and personnel, and to obtain informed consent and to protect the dignity of the individual in research settings." In addition, Appellants asserted DDSN failed to promulgate regulations regarding "issues of critical concern to applicants and recipients of its services, including but not limited to eligibility for its services; appeal procedures; standards for the operation of its residential programs; procedures for its Human Rights Committees; and standards for research on human subjects." Appellants complained DDSN's failure to comply with the requirements of the Administrative Procedures Act (APA) resulted in citizens and entities being "unable to seek information about its policies in the South Carolina Administrative Code, unable to determine their rights or receive or dispute [ ]DDSN decisions, and [unable to] participate in the rule making process. . . ." Appellants asserted they have been and will continue to be harmed as a result of DDSN's deficiencies, "through denial of services, inadequate services and unequal availability and quality of services, and lack of an appropriate grievance procedure." Appellants further complained about decisions in individual cases, such as claims that an individual was not eligible for autism services and an individual was not waitlisted for residential placement. Appellants did not ask the court to order any affirmative relief in any of their cases, other than requiring DDSN to promulgate regulations.

Appellants also filed a petition to allow the named plaintiffs in the action to proceed anonymously. The circuit court granted the motion, stating "identification of the individually named Plaintiffs potentially poses a risk of retaliatory denial of needed services which may result in physical or mental harm to the individually named Plaintiffs." According to Appellants, each of the named individual Appellants presented affidavits to the circuit court, which were subsequently sealed by the court.

Thereafter, on May 31, 2007, Respondents filed a motion to dismiss and a motion for a more definite statement. The circuit court denied both motions. Respondents subsequently filed an answer, denying for lack of information the specific facts regarding each of the anonymous individual Appellants. As an affirmative defense, Respondents challenged the standing of all of the Appellants. Respondents also denied DDSN had a duty to promulgate regulations.

Thereafter, both parties filed summary judgment motions. In September 2013, the circuit court granted summary judgment for Respondents and denied Appellants' motion. In granting Respondents' motion, the circuit court held there was "no evidence whatsoever before the [c]ourt as to the facts concerning the individual [Appellants]," and as a result, no evidence was presented of actual injury to any of Appellants and they lacked standing. The court also found Appellants' claims in this case, unlike the claims in public importance standing cases, require a case-by-case factual showing as to how specific plaintiffs are, or are not, affected by the absence of regulations in specific situations. The court further noted that while Appellants relied heavily on the Declaratory Judgment Act in their argument, parties seeking declaratory relief still must demonstrate a justiciable controversy. The circuit court held that even assuming Appellants had standing, their claims lacked substantive merit. The court found no statute required the promulgation of regulations in the subject areas of the lawsuit. The court declined to consider Appellants' argument that DDSN had improperly established binding norms because it was not pled in the complaint.

Appellants subsequently filed a Rule 59(e), SCRCP, motion to reconsider. The circuit court denied the motion but modi-

fied its order to clarify that Appellants would not be precluded from raising issues related to binding norms in subsequent administrative appeals. This appeal followed.

## STANDARD OF REVIEW

When reviewing the grant of a summary judgment motion, the appellate court applies the same standard that governs the trial court under Rule 56(c), SCRCP, which provides summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP; *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party. *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003). "Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial." *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct.App. 2004).

## LAW/ANALYSIS

### I. Standing

Appellants argue the circuit court erred in finding they did not have standing. We agree.

"To have standing, one must have a personal stake in the subject matter of the lawsuit." *Sloan v. Greenville Cty.*, 356 S.C. 531, 547, 590 S.E.2d 338, 347 (Ct.App.2003). Here, Appellants contend they have standing to pursue their claims related to the promulgation of regulations by DDSN pursuant to statute, through the rubric of constitutional standing, and under the public importance exception. *See ATC S., Inc. v. Charleston Cty.*, 380 S.C. 191, 195, 669 S.E.2d 337, 339 (2008) ("Standing may be acquired: (1) by statute; (2) through the rubric of 'constitutional standing'; or (3) under the 'public importance' exception.").

### A. P & A

Pursuant to section 43-33-350 of the South Carolina Code, P & A

shall protect and advocate for the rights of all developmentally disabled persons, including the requirements of Section 113 of Public Law 94–103, Section 105 of Public Law 99–319, and Section 112 of Public Law 98–221, all as amended, and for the rights of other handicapped persons by pursuing legal, administrative, and other appropriate remedies to insure the protection of the rights of these persons.

S.C.Code Ann. § 43–33–350(1) (2015).

■ P & A asserts it has been injured by DDSN's failure to promulgate regulations "in that it has and will continue to repeatedly expend time and resources attempting to determine and enforce rights of developmentally disabled persons without access to any meaningful or enforceable rules or regulations regarding eligibility and services, and with no access to judicial review of decisions affecting its clients."

Gloria Prevost, Executive Director of P & A, stated in her affidavit the impact and effect the lack of properly promulgated regulations has on P & A and the citizens it is statutorily obligated and mandated to protect. According to Prevost, the lack of regulations harms the population DDSN is mandated to serve through (1) the denial of services for arbitrary and capricious reasons; (2) inadequate services and unequal availability and quality of services; and (3) a lack of an appropriate and defined grievance procedure. Due to the lack of regulations promulgated by DDSN, Prevost contends applicants for and recipients of services do not have officially published information about many aspects of DDSN services, including (1) eligibility; (2) appeal procedures; (3) standards for the operation of the residential facilities operated by DDSN; (4) procedures and standards for human rights committees; (5) standards for research on human subjects, including how consent is obtained for research to be performed; and (6) budget cut decisions and procedures. Prevost asserts P & A must expend resources and time in attempting to find and analyze the directives and standards DDSN has issued as a substitution for promulgating regulations.

We hold the circuit court erred in finding P & A lacked standing. We find P & A has standing under section 43–33–350 and its directive that P & A is entitled to pursue remedies

to insure the protection of the rights of disabled persons. Further, we find P & A has sufficiently asserted injuries it has suffered as a result of DDSN's alleged failure to promulgate regulations. *See Carolina All. for Fair Emp't v. S.C. Dep't of Labor, Licensing & Regulation,* 337 S.C. 476, 487, 523 S.E.2d 795, 800 (Ct.App.1999) ("An organization has standing only if it alleges that it or its members will suffer an individualized injury; a mere interest in a problem is not enough.").

## B. Individual Appellants

■ Like P & A, the individual Appellants are seeking the promulgation of regulations by DDSN. They are not seeking individual relief for specific alleged harms. As discussed above, P & A is authorized by statute to pursue legal, administrative, and other appropriate remedies to insure the protection of the rights of disabled persons. Thus, we find P & A is the appropriate party to pursue claims for the promulgation of regulations by DDSN. Accordingly, we hold the circuit court did not err in finding the individual Appellants lacked standing.

## II. Promulgation of Regulations

In light of our reversal of the circuit court as to the standing of P & A, we vacate the portion of the circuit court's order concerning the merits of Appellants' appeal, including its findings as to the issue of binding norms. We hold the circuit court's findings in regards to the merits of P & A's appeal were not sufficiently detailed as to the specific claims raised. We remand to the circuit court for litigation of the issues regarding the requirements of the specific statutes concerning the promulgation of regulations by DDSN.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

FEW, C.J., and KONDUROS, J., concur.