**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tony King and Rosella King, Appellants,

v.

Christopher T. Miller, Respondent.

Appellate Case No. 2016-000077

Appeal From Greenwood County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2017-UP-325
Submitted June 1, 2017 – Filed August 2, 2017

**AFFIRMED**

Robert Jamison Tinsley, Jr., of Tinsley & Tinsley, P.C., of Greenwood, for Appellants.

Grenville D. Morgan, Jr. and Amanda Leigh Cheek Bradley, both of Greenville, and Helen F. Hiser, of Mount Pleasant, all of McAngus Goudelock & Courie, LLC, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 56(c), SCRCP (providing summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 250, 626 S.E.2d 1, 5 (2006) ("A court considering summary judgment neither makes factual determinations nor considers the merits of competing testimony; however, summary judgment is completely appropriate when a properly supported motion sets forth facts that remain undisputed or are contested in a deficient manner."); *Jackson v. Bermuda Sands, Inc.*, 383 S.C. 11, 16, 677 S.E.2d 612, 616 (Ct. App. 2009) ("Our courts have recognized that when only one reasonable inference can be deduced from the evidence, the question becomes one of law for the court." (quoting *Small v. Pioneer Mach., Inc.*, 329 S.C. 448, 461, 494 S.E.2d 835, 841 (Ct. App. 1997))); *id.* ("[A]ssertions as to liability must be more than mere bald allegations made by the non-moving party in order to create a genuine issue of material fact."); *Harris Teeter, Inc. v. Moore & Van Allen, PLLC*, 390 S.C. 275, 299, 701 S.E.2d 742, 754 (2010) ("To survive summary judgment, the evidence presented must amount to more than mere speculation and conjecture." (Hearn, J., concurring in part and dissenting in part)); *Hall v. Fedor*, 349 S.C. 169, 175, 561 S.E.2d 654, 657 (Ct. App. 2002) ("Our appellate courts have interpreted Rule 56(e) to mean materials used to support or refute a motion for summary judgment must be those which would be admissible in evidence."); *id.* at 175-76, 561 S.E.2d at 657 (holding in a case involving the grant of summary judgment, the appellant's deposition testimony concerning what another individual told him constituted hearsay and was inadmissible to refute a motion for summary judgment); *Peterson v. Porter*, 389 S.C. 148,153, 697 S.E.2d 656, 658 (Ct. App. 2010) ("A property owner owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from any breach of such duty." (quoting *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 256, 607 S.E.2d 362, 365 (Ct. App. 2004))); *id.* at 153-54, 697 S.E.2d at 659 ("To prevail in a negligence action, a plaintiff must demonstrate: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach." (quoting *Platt v. CSX Transp., Inc.*, 379 S.C. 249, 258, 665 S.E.2d 631, 635 (Ct. App. 2008))); *McKnight v. S.C. Dep't of Corr.*, 385 S.C. 380, 387, 684 S.E.2d 566, 569 (Ct. App. 2009) ("The court looks to the natural and probable consequences of the complained of act to determine foreseeability."); *id.* ("Proximate cause requires proof of (1) causation in fact and (2) legal cause." (quoting *Bramlette v. Charter-Medical-Columbia*, 302 S.C. 68, 72, 393 S.E.2d 914, 916 (1990))); *id.* at 387, 684 S.E.2d at 569 ("[L]egal cause is proved by establishing foreseeability."); *id.* ("A plaintiff proves legal cause by establishing the injury occurred as a natural and probable consequence of the defendant's negligence."); *id.* ("When the injury complained of

is not reasonably foreseeable, in the exercise of due care, there is no liability." (quoting *Eadie v. Krause*, 381 S.C. 55, 64, 671 S.E.2d 389, 393 (Ct. App. 2008))).

**AFFIRMED.[1]**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.