**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

MidFirst Bank, Respondent,

v.

Mahasin K. Bowen as Personal Representative for the Estate of Mary Lee Samuel; Mahasin K. Bowen; Cecil Samuel a/k/a Cecil A. Samuel; Charles Samuel, Jr.; Earl Hassan Samuel; Kenneth Kareem Samuel; Kilgore Marketing Solutions d/b/a RSVP Columbia; Tauheedah Maeen; Raymond Samuel a/k/a Shamsud-din Raymond Samuel; South Carolina Attorney General; South Carolina Department of Motor Vehicles, Defendants,

Of whom Mahasin K. Bowen, as Personal Representative for the Estate of Mary Lee Samuel, and individually is the Appellant.

Appellate Case No. 2016-001119

———————

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

———————

Unpublished Opinion No. 2018-UP-096
Submitted January 1, 2018 – Filed February 28, 2018

———————

**AFFIRMED**

———————

Leonard R. Jordan, Jr., of Jordan Law Firm, of Columbia, for Appellant.

William S. Koehler, of Albertelli Law Firm; and Genevieve Speese Johnson, of Brock & Scott, PLLC, both of Columbia, for Respondent.

---

**PER CURIAM:** Mahasin K. Bowen appeals the Master-in-Equity's order granting MidFirst Bank's motion for summary judgment, issuing a judgment of foreclosure and sale, and dismissing her counterclaims with prejudice. Bowen argues (1) enforcement of the judgment of foreclosure and sale should have been stayed during the pendency of her motion to alter or amend; (2) the Master-in-Equity erred by granting summary judgment when genuine issues of material fact existed, including what property the original parties to the mortgage contract intended to include as collateral, the ambiguity of the mortgage and its proper construction, and whether the original parties' failure to list the mobile home as collateral in the mortgage contract resulted from a mutual mistake; (3) the Master-in-Equity erred by accepting MidFirst's affidavit of indebtedness and affidavit of attorney's fees as evidence supporting MidFirst's motion for summary judgment; and (4) the Master-in-Equity erred by issuing a judgment of foreclosure and sale and dismissing Bowen's counterclaims without evaluation when MidFirst did not request this relief in its motion for summary judgment. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one: *Belle Hall Plantation Homeowner's Ass'n v. Murray*, 419 S.C. 605, 615, 799 S.E.2d 310, 315 (Ct. App. 2017) ("The determination of whether to set aside a foreclosure sale is a matter within the discretion of the trial court." (quoting *Bloody Point Prop. Owners Ass'n v. Ashton*, 410 S.C. 62, 66, 762 S.E.2d 729, 731 (Ct. App. 2014))); *Haselden v. Haselden*, 347 S.C. 48, 63, 552 S.E.2d 329, 337 (Ct. App. 2001) ("While a timely motion made under Rules 52(b) and 59(e) [of the South Carolina Rules of Civil Procedure] does stay the time to appeal a judgment, the rules do not provide such motions stay proceedings to enforce a judgment."); *id.* ("Moreover, while Rule 62(a), SCRCP[,] automatically stays enforcement of a judgment, the automatic stay expires [ten] days after the judgment is entered."); *id.* ("Although further stays are available under the subdivisions of Rule 62, they are not automatic and must be ordered by the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

court."); Rule 62(b), SCRCP ("In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59 . . . ."); *id.* (providing that the court's discretion to stay proceedings to enforce a judgment are the same for Rule 59 and Rule 60, SCRCP, motions); *Stearns Bank Nat'l Ass'n v. Glenwood Falls, LP*, 375 S.C. 423, 426, 653 S.E.2d 274, 275-76 (2007) (stating to stay enforcement of judgment pending the resolution of a Rule 60(b) motion, "the burden is on [the proponent of the motion] to make the motion [to stay] under Rule 62(b), SCRCP").

2. As to issues two through four: *Peterson v. Porter*, 389 S.C. 148, 152, 697 S.E.2d 656, 658 (Ct. App. 2010) (holding an issue is not preserved for appellate review when a party did not raise the issue during summary judgment proceedings and raised the issue for the first time in a motion to reconsider).

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**