671 S.E.2d 389

**Christopher A. EADIE, Appellant,**

**v.**

**Steven M. KRAUSE and Krause & Moorhead, P.A., Respondents.**

**No. 4472.**

Court of Appeals of South Carolina.

Heard Sept. 17, 2008.

Decided Dec. 22, 2008.

Rehearing Denied Jan. 27, 2009.

56

58

Thomas A. Pendarvis, of Beaufort, for Appellant.

R. Hawthorne Barrett and Charles E. Hill, of Columbia, for Respondents.

PIEPER, J.:

In this legal malpractice action, Christopher A. Eadie (Eadie) appeals from a trial court order granting summary judgment in favor of Steven M. Krause and the law firm of Krause and Moorhead, P.A. (Krause). We affirm.

## FACTS

The instant case arises from a workers' compensation claim in which Krause was retained to represent Eadie in an action seeking workers' compensation benefits for injuries he sustained while completing a job for Complete Company, Inc. (Complete).

Complete is a small commercial industrial maintenance business incorporated in Tennessee and, wholly owned by Ronald Rigsby (Rigsby). In May 1997, Eadie, a resident of Anderson, South Carolina, learned that Rigsby was looking for help doing concrete repair for Home Depot. Having performed concrete repairs in the past, Eadie, while in South Carolina, called Rigsby in Tennessee to inquire about the work. During their conversation, Rigsby allegedly offered to pay Eadie to perform concrete repairs at a Home Depot store in North

Carolina. Eadie allegedly accepted Rigsby's offer and began work at the North Carolina Home Depot shortly thereafter.[1]

After completing the job in North Carolina, Complete retained Eadie to perform four similar repairs at Home Depot locations in North Carolina and Florida. For each job, Eadie personally purchased or rented the necessary supplies and equipment to complete the work. Eadie's rate of pay was calculated by Rigsby based upon the square footage of the concrete repair.

On June 10, 1997, Eadie was seriously injured in a one-vehicle accident while picking up concrete in Atlanta, Georgia, for a concrete repair job at a Home Depot store in Charlotte, North Carolina. Eadie was rendered paraplegic as a result of the accident.

In August 1997, Eadie retained Krause to represent him in the workers' compensation and personal injury claims arising from the accident. On September 19, 1997, Krause filed a Form 50 with the South Carolina Workers' Compensation Commission indicating Complete as Eadie's employer. In response, Complete filed a Form 51 asserting the South Carolina Workers' Compensation Commission lacked jurisdiction on the grounds that the employer and "alleged employee" were not subject to South Carolina law and that the employer-employee relationship did not exist. Depositions of Eadie and Rigsby were conducted on February 16, 1998, and a hearing on the matter was scheduled for April 14, 1998. The hearing was eventually postponed and no further proceedings were commenced before the South Carolina Workers' Compensation Commission.

In June 1998, Eadie filed notices of claim with the Georgia State Board of Workers' Compensation and the North Carolina Industrial Commission. Krause's office assisted Eadie in filing these notices to toll the statute. At this time, Krause associated attorney Philip R. Newman (Newman) of Puryear & Newman, in Franklin, Tennessee, to represent Eadie in a Tennessee action. Newman filed a complaint in the circuit court for Williamson County, Tennessee, seeking workers' compensation benefits against Complete and Home Depot.

---

1. The parties disagree as to who made the offer; however, we may resolve this case without a determination of this issue.

Subsequently, Krause associated Georgia counsel and filed a civil action on behalf of Eadie. Eadie alleged that Construction Materials Ltd., the company from which Eadie received the concrete, improperly loaded the trailer that Eadie was towing at the time of the accident. This case settled in April 2001 and Eadie received $590,000 as a result of that lawsuit.

In the Tennessee case, Home Depot, Complete, and Complete's insurer moved for summary judgment on the basis that Eadie was not an employee. Additionally, Complete alleged that Eadie had affirmatively sought workers' compensation benefits in three other states and therefore had made a binding election of remedies, under Tennessee law, barring him from recovery in Tennessee. The Tennessee trial court found in favor of Complete as to the election of remedies argument and granted Home Depot's summary judgment motion on the ground that Eadie was not an employee of Home Depot.

Thereafter, Eadie appealed to the Tennessee Special Workers' Compensation Appeals Panel (Tennessee Appeals Panel). In a memorandum opinion dated December 19, 2003, the three-judge panel affirmed the trial court's finding that Eadie was not an employee of Home Depot and unanimously reversed the trial court's ruling as to Complete on the election of remedies issue. The Tennessee Appeals Panel held that Eadie's filing of notices of claim in other states did not amount to an election of remedies. In arriving at its determination, the panel noted that Eadie did not receive any compensation benefits in the other three states, nor had any of his claims been denied.

Complete and its insurer appealed the decision of the Tennessee Appeals Panel to the Supreme Court of Tennessee. In its final opinion, dated August 27, 2004, the Tennessee Supreme Court held that the filing of a claim in South Carolina, the request for a hearing here, and the taking of depositions in the matter constituted affirmative acts to obtain benefits in another state sufficient to constitute a binding election of remedies that barred Eadie's claim in Tennessee.

On November 16, 2005, Eadie filed the instant action against Krause and his law firm alleging that the defendants failed to timely and properly commence workers' compensa-

tion proceedings on Eadie's behalf and that as a result of defendants' acts and omissions, Eadie lost the ability to recover workers' compensation benefits. Krause and his law firm filed a motion for summary judgment on the ground that Eadie did not have a valid South Carolina workers' compensation claim because: (1) he was an independent contractor; and (2) his purported employer, Complete, was not subject to the jurisdiction of the South Carolina Workers' Compensation Commission as it lacked the requisite number of employees to fall within the purview of the South Carolina Workers' Compensation Act. Eadie opposed Krause's motion asserting his complaint was broader than a consideration of the South Carolina workers' compensation matter. Eadie argued that material facts are in dispute with regard to whether he was an employee of Complete and entitled to workers' compensation benefits under Tennessee, North Carolina, or Georgia law.

At oral argument before the trial court, the parties focused primarily on the question of whether Eadie was an employee or an independent contractor of Complete at the time of his injury. As such, the trial court requested the parties submit additional memoranda on independent contractor law in the four states at issue. Additionally, the trial court requested that any further materials pertinent to the motion be submitted by May 28, 2007. Eadie responded by filing several affidavits, exhibits, and supplemental memoranda on or shortly after the deadline. Krause filed a responsive affidavit as well as Eadie's responses to requests to admit.

The trial court granted summary judgment in favor of Krause on July 9, 2007. Eadie filed a motion to alter or amend the judgment, which was denied on August 23, 2007. This appeal followed.

## STANDARD OF REVIEW

■■ When reviewing the grant of a summary judgment motion, the appellate court applies the same standard that governs the trial court under Rule 56(c), SCRCP. *Boyd v. Bellsouth Telephone Telegraph Co., Inc.,* 369 S.C. 410, 415, 633 S.E.2d 136, 138 (2006). Summary judgment is proper where no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c),

SCRCP; *Town of Summerville v. City of North Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008); *Hurst v. East Coast Hockey League, Inc.*, 371 S.C. 33, 36, 637 S.E.2d 560, 561 (2006). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. *Law v. S.C. Dep't of Corrs.*, 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006).

## LAW/ANALYSIS

 Eadie maintains the trial court erred in granting summary judgment on the ground disputed issues of material fact exist concerning whether Krause's alleged professional errors proximately caused injuries to Eadie. Specifically, Eadie argues the existence of disputed issues of material fact concerning: (1) whether the acceptance of the telephone offer of employment took place in Tennessee and was sufficient to establish jurisdiction in Tennessee;[2] (2) whether Eadie was an employee of Complete under Tennessee law or an independent contractor; and (3) whether the application of Tennessee's election of remedies doctrine was reasonably foreseeable.[3]

 In order to prevail in a legal malpractice claim, a plaintiff must prove: (1) the existence of an attorney-client relationship; (2) a breach of duty by the attorney; (3) damage

---

2. The trial court indicated its concern as to a possible sham affidavit by Eadie; however, since the court never excluded the affidavit on this basis, the affidavit is part of the record for purposes of this action.

3. Eadie also asserts on appeal the trial court erred in denying his motion to recuse based upon the trial judge's previous professional relationship with Krause and the fact the trial judge allowed less than 40 business days for the parties to complete discovery. The fact the trial judge had a previous professional relationship with Krause is insufficient evidence, standing alone, of bias or prejudice. *See Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) (stating "[i]t is not sufficient for a party seeking disqualification to simply allege bias; the party must show some evidence of bias or prejudice."). Moreover, while we acknowledge the short time frame for discovery, there is no evidence the time frame harmed Eadie so as to demonstrate the trial judge's alleged bias against Eadie. As such, we do not find evidence of bias or prejudice sufficient to warrant reversal of the trial judge's denial of appellant's motion to recuse.

to the client; and (4) the damage was proximately caused by the breach of duty. *Holy Loch Distributors, Inc. v. Hitchcock,* 340 S.C. 20, 26, 531 S.E.2d 282, 285 (2000). The plaintiff must prove that he most probably would have been successful in the action if the attorney had not committed the alleged malpractice. *Brown v. Theos,* 345 S.C. 626, 629, 550 S.E.2d 304, 306 (2001) (internal citation omitted). Accordingly, where a plaintiff alleging legal malpractice fails to show that the underlying claim would have been successful, defendant is entitled to judgment as a matter of law. *Id.* This principle accords with the requirement that the alleged act of negligence proximately causes damage.

Given the burden of the plaintiff in a legal malpractice action to prove the probability of success of the underlying claim, the requisite analysis of the underlying claim that accompanies this burden requires, in essence, a trial within a trial.[4] *Shearon v. Seaman,* 198 S.W.3d 209, 210 (Tenn.Ct.App. 2005). Under this trial within a trial scenario, we must address the viability of Eadie's Tennessee workers' compensation claim under Tennessee law in order to determine whether the elements of the instant legal malpractice claim can be satisfied.

Turning to the underlying Tennessee workers' compensation claim, we note that pursuant to Section 50–6–225(a)(3) of the Tennessee Code, civil actions for workers' compensation benefits are commenced before a judge in the circuit or chancery court. Tenn.Code Ann. § 50–6–225(a)(3) (West 2008) ("Neither party in a civil action filed pursuant to this section shall have the right to demand a jury."). When the facts are undisputed, the question is one of law. *Travelers Ins. Co. v. Dozier,* 219 Tenn. 525, 410 S.W.2d 904, 907 (1966). When there is a dispute as to particular facts, the question becomes one of mixed law and fact for the court. *Id.* Accordingly, it is through this specialized lens that we would normally address the question of whether Eadie had a legal basis for a workers' compensation claim in Tennessee in order to determine the probability of success absent any malpractice.

---

4. On appeal, Eadie challenges the trial court's finding only as to the Tennessee workers' compensation claim.

However, before reaching the underlying claim, we note the Tennessee Supreme Court held the affirmative acts of filing, taking a deposition, and requesting a hearing in South Carolina constituted a binding election of remedies barring Eadie's claim in Tennessee; because of these same acts, Eadie claims Krause breached a duty to foresee a Tennessee election of remedies bar that proximately caused him damage.

We are mindful of and respect the interpretation of Tennessee law by the Tennessee Supreme Court since we must, in the context of this malpractice action, utilize Tennessee law in our analysis. However, in this South Carolina malpractice litigation, we nonetheless must scrutinize the action of the attorney involved to determine whether there are any factual disputes for purposes of summary judgment. Even assuming Eadie's status as an employee for purposes of our analysis, we nonetheless may resolve this case as a matter of law on the issue of whether Krause should have foreseen his actions in attempting to preserve his client's rights in South Carolina would preclude the Tennessee workers' compensation claim under the election of remedies doctrine of Tennessee which existed at that time.

As indicated, essential elements of a legal malpractice claim are duty and proximate cause. Proximate cause requires proof of causation in fact and legal cause. *Sims v. Hall,* 357 S.C. 288, 298, 592 S.E.2d 315, 320 (Ct.App.2003). Causation in fact is proved by establishing the plaintiff's injury would not have occurred "but for" the defendant's negligence. *Id.* Legal cause is proved by establishing foreseeability. *Id.* When the injury complained of is not reasonably foreseeable, in the exercise of due care, there is no liability.[5] *Stone v. Bethea,* 251 S.C. 157, 161, 161 S.E.2d 171, 173 (1968). In the

---

5. Generally, issues of foreseeability and proximate cause are questions for a jury. However, to survive a motion for summary judgment, the plaintiff must offer some evidence that a genuine issue of material fact exists as to each element of the claim unless that element is either uncontested or agreed to by stipulation; otherwise, the plaintiff cannot meet his burden of proof and the claim may be determined as a matter of law by the trial judge. *Baughman v. American Tel. and Tel. Co.,* 306 S.C. 101, 116, 410 S.E.2d 537, 546 (1991) (defendant entitled to judgment as a matter of law where plaintiff failed to demonstrate one element of the claim and therefore could not meet the required burden of proof).

context of a legal malpractice action, the plaintiff bears the burden of proving the alleged malpractice proximately caused damage to plaintiff and the defendant may be held liable for anything which appears to have been a natural and probable consequence of his negligence. *Sims,* 357 S.C. at 298, 592 S.E.2d at 320. Consequently, since Eadie alleges malpractice from Krause's actions in South Carolina, we address whether the Tennessee court's conclusion that Krause's pursuit of a claim in South Carolina constituted a binding election of remedies was reasonably foreseeable by counsel thus constituting a breach of duty proximately causing damage to his client.

Under the doctrine of election of remedies, Tennessee case law at the time of Eadie's claim held that an employee injured on the job in another state who files a workers' compensation claim in that jurisdiction and obtains either an award, or a court-approved settlement of the claim, or who actively pursues a claim *in a venue that has jurisdiction,* is barred from filing a subsequent claim in Tennessee. *Gray v. Holloway Construction Co.,* 834 S.W.2d 277, 279 (Tenn.1992).

In the instant case, the Tennessee Supreme Court only addressed whether the actions taken by Krause in South Carolina constituted an election of remedies. While we might view those same acts differently for purposes of South Carolina law, we need not distinguish the effect of these acts for even if these acts are deemed sufficient affirmative acts under Tennessee law, the Tennessee Supreme Court did not address whether the alleged affirmative acts occurred in a forum with jurisdiction over the matter. *See Gray,* 834 S.W.2d at 279 (stating an employee injured on the job in another state *who actively pursues a claim in a venue that has jurisdiction* is barred from filing a subsequent claim in Tennessee) (emphasis added).

As we previously indicated, we must respect the interpretation of Tennessee law by the Tennessee Supreme Court. Notwithstanding, our review cannot be premised on speculation as to why the Tennessee Supreme Court did not address its past precedent on the "venue with jurisdiction" element of its earlier cases. However, we may consider the question before us from two perspectives: 1) whether counsel should

have foreseen that Tennessee would not address one of the components of the doctrine established at the time; or, alternatively, 2) whether counsel should have foreseen that the Tennessee Supreme Court would modify its common law on the election of remedies doctrine by removing the "venue with jurisdiction" element. While we do not suggest that the Tennessee Supreme Court has modified its doctrine, we find it appropriate to consider both alternatives because we are reviewing whether counsel erred in not foreseeing the possible application of the doctrine before taking action in South Carolina.

Here, as the trial court in South Carolina correctly found, the South Carolina Workers' Compensation Commission did not have jurisdiction over Eadie's workers' compensation claim because Complete lacked the requisite number of employees in South Carolina as required by Section 42–1–360(2) of the South Carolina Code. This ruling was not appealed; thus, it is the law of the case. *See Charleston Lumber Co., Inc. v. Miller Hous. Corp.*, 338 S.C. 171, 175, 525 S.E.2d 869, 871 (2000) (stating an unchallenged ruling, right or wrong, is the law of the case).

Thus, utilizing Tennessee's own interpretation of its election of remedies precedent at the time of counsel's conduct, this court cannot find the alleged "affirmative" acts in South Carolina constituted a breach of duty or proximately caused damage since Tennessee law at the time would require that Krause's affirmative acts occur in a venue that had jurisdiction, which does not include South Carolina. *See Gray*, 834 S.W.2d at 279. Under our first alternative, if we were to consider only one element of the Tennessee election of remedies doctrine existing at the time, we would be prevented from objectively assessing the conduct of counsel; thus, we also must consider the "venue with jurisdiction" element even if the Tennessee Supreme Court failed to do so. We are sympathetic to a claim that the Tennessee Supreme Court may not have been presented with the argument that South Carolina was not a "venue with jurisdiction" and that Tennessee's election of remedies law should not actually apply; however, the alleged malpractice raised by the pleadings is whether counsel should have reasonably foreseen the application of the Tennessee election of remedies bar such that counsel should

have avoided the alleged acts he took in South Carolina to preserve any rights his client might have here.

Therefore, because we may affirm for any ground appearing in the record, we conclude, as a matter of law, that the application of Tennessee's election of remedies doctrine under this alternative was not foreseeable by Krause since, even if the acts in South Carolina were sufficient affirmative acts under Tennessee law, the acts occurred in a venue in which there was no workers' compensation jurisdiction.[6] *See* Rule 220(c), SCACR; *Upchurch v. New York Times Co.*, 314 S.C. 531, 538, 431 S.E.2d 558, 562 (1993) ("We may affirm the trial judge for any reason appearing in the record."). We further hold, in deference to the possibility that the Tennessee Supreme Court signaled a change in its prior precedent under the alternative consideration we suggested, that counsel could not have reasonably foreseen any modification of the existing precedent since no other case at the time actually indicates or signals a change in precedent. Accordingly, since material facts are not in dispute as to this component of the claim, summary judgment in the South Carolina litigation is appropriate.

Given the dispositive nature of this determination, the court need not address Eadie's remaining arguments including, but not limited to, the acceptance of the contract for hire and whether Eadie was an employee of Complete.[7] *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal); *see also Weeks v. McMillan*, 291 S.C. 287, 292, 353 S.E.2d 289, 292 (Ct.App.1987) ("Where a decision is based on alternative grounds, either of which independent of the other is sufficient to support it, the

---

**6.** As previously indicated, even Complete asserted in its Form 51 that South Carolina lacked jurisdiction.

**7.** For similar reasons, we need not address whether the parties consented to litigate the merits of the Tennessee claim on the motion for summary judgment. While we note the court in this type of proceeding would ultimately address the viability of the underlying claim, we need not address this ground since our opinion focuses only on the alleged act of negligence as to failing to foresee the application of the election of remedies bar, not the underlying merits of the Tennessee claim.

decision will not be reversed even if one of the grounds is erroneous."); *see also State v. Hiott,* 276 S.C. 72, 86, 276 S.E.2d 163, 170 (1981) (stating all other grounds not argued or briefed are deemed abandoned on appeal).

## CONCLUSION

Accordingly, we find the trial court did not err in granting summary judgment on the ground the application of the election of remedies doctrine as a bar to Eadie's claim in Tennessee was not reasonably foreseeable.

**AFFIRMED.**

SHORT and THOMAS, JJ., concur.