**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Dominic Vaughn, Appellant,

v.

South Carolina Department of Transportation, Respondent.

Appellate Case No. 2012-205607

———————

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-008
Heard November 14, 2012 – Filed January 9, 2013

———————

**AFFIRMED**

———————

Dwight C. Moore, of Moore Law Firm, LLC, of Sumter, for Appellant.

Daniel R. Settana, Jr., and Temus C. Miles, Jr., both of McKay, Cauthen, Settana, & Stubley, PA, of Columbia, for Respondent.

———————

**PER CURIAM:** After suffering injuries in a car wreck, Dominic Vaughn brought this negligence action against the South Carolina Department of Transportation

(DOT) under the South Carolina Tort Claims Act for failure to maintain vegetation and signage within a median. The circuit court granted summary judgment in favor of DOT. We affirm.

Initially, Vaughn contends that the circuit court's order granting summary judgment lacked sufficient findings of fact and conclusions of law and, therefore, failed to comply with Rule 52(a), SCRCP. Rule 52(a) expressly states, "[f]indings of fact and conclusions of law are *unnecessary* on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." (emphasis added). Here, the circuit court's order granting summary judgment, pursuant to Rule 56, SCRCP, was not required to include findings of fact or conclusions of law. Additionally, the circuit court's order granting summary judgment provided sufficient factual findings to support its conclusions. *See Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 123-24 (1991) ("[W]here a trial court substantially complies with Rule 52(a) and adequately states the basis for the result it reaches, the appellate court should not vacate the trial court's judgment for lack of an explicit or specific factual finding."). Accordingly, we find the circuit court's order granting summary judgment complied with Rule 52(a), SCRCP.

Vaughn further argues that the circuit court erred in considering documents outside of the four corners of the complaint. We find the circuit court correctly applied the summary judgment standard. Although DOT's first ground for summary judgment used language from Rule 12(b)(6), SCRCP, the circuit court appropriately used the standard for summary judgment, as that was the relief DOT was seeking. *See Baird v. Charleston Cnty.*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999) (stating that if a court considers matters outside of the pleadings when deciding on a motion to dismiss, the motion will be treated as one for summary judgment and disposed of as provided in Rule 56, SCRCP); *see also* Rule 56, SCRCP (stating summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Gressette v. S.C. Elec. & Gas Co.*, 370 S.C. 377, 378, 635 S.E.2d 538, 538 (2006) (stating a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, must be based solely on the allegations set forth in the complaint).

Third, Vaughn claims that the circuit court erred in granting summary judgment on the issue of proximate cause.

In a negligence action, a plaintiff must show: (1) the defendant owes a duty of care to the plaintiff; (2) the defendant breached the duty by a negligent act or omission; (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an injury or damages. *Schmidt v. Courtney*, 357 S.C. 310, 324, 592 S.E.2d 326, 334-35 (Ct. App. 2003). "Proximate cause requires proof of both causation in fact and legal cause." *Eadie v. Krause*, 381 S.C. 55, 64, 671 S.E.2d 389, 393 (Ct. App. 2008). "Causation in fact is proved by establishing the plaintiff's injury would not have occurred 'but for' the defendant's legal negligence." *Schmidt*, 357 S.C. at 326, 592 S.E.2d at 335.

In the instant case, Vaughn repeatedly testified that he came to a complete stop at the yield sign. Vaughn's expert witness, Herman Hill, testified that the yield sign was positioned beyond the location of the vegetation and signage in the median. In an affidavit stating his preliminary opinions, Hill concluded that a tow truck, similar to Vaughn's, would require an available sight distance of 560 feet at the yield sign before crossing the intersection. Hill later testified that a tow truck stopped at the yield sign would have sufficient sight distance ranging from 430 feet to 600 feet. Moreover, Hill testified that the vegetation within the median created "clutter" through which Vaughn could see, and not a "wall" completely blocking Vaughn's vision. Viewing the evidence in the light most favorable to Vaughn, we find no reasonable inference could be drawn that DOT's failure to maintain the vegetation proximately caused the accident. *See Oliver v. S.C. Dep't of Highways & Pub. Transp.*, 309 S.C. 313, 317, 422 S.E.2d 128, 131 (1992) ("Only when the evidence is susceptible to only one inference does it become a matter of law for the court."). We find Vaughn failed to establish a prima facie case of negligence against DOT because he offered no evidence to show that DOT's failure to maintain the vegetation within the median was the proximate cause of his injuries. Accordingly, we hold the circuit court properly granted DOT's motion for summary judgment on the question of proximate cause.

Because we find no error in the circuit court's grant of summary judgment, we need not address Vaughn's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address any remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**