**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Robert E. Feldman and Lois J. Feldman, Appellants,

v.

Gary P. Coggin, Respondent.

Appellate Case No. 2017-000242

―――――――――――

Appeal From Beaufort County
Marvin H. Dukes, III, Special Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2019-UP-261
Submitted June 4, 2019 – Filed July 17, 2019

―――――――――――

**AFFIRMED**

―――――――――――

Thomas A. Pendarvis and Christopher W. Lempesis, Jr., both of Pendarvis Law Offices, P.C., of Beaufort, for Appellants.

M. Dawes Cooke, Jr. and Jeffrey Michael Bogdan, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for Respondent.

―――――――――――

**PER CURIAM:**  In this legal malpractice action, Appellants Robert E. Feldman and Lois J. Feldman (the Feldmans) challenge the circuit court's order granting summary judgment to Respondent Gary P. Coggin.  We affirm.

## I.      Issues of Fact

The Feldmans argue summary judgment was improper because there were factual issues concerning whether Coggin's alleged negligence diminished the settlement value of their underinsured motorist (UIM) claims.  We disagree.

"In an action for legal malpractice, the claimant must prove four elements: (1) the existence of an attorney-client relationship; (2) breach of a duty by the attorney; (3) damage to the client; and (4) proximate causation of the client's damages by the breach."  *McNair v. Rainsford*, 330 S.C. 332, 342, 499 S.E.2d 488, 493 (Ct. App. 1998).  "A plaintiff in a legal malpractice action must generally establish the standard of care by expert testimony."  *Id.* at 342, 499 S.E.2d at 494; *see also Mali v. Odom*, 295 S.C. 78, 80, 367 S.E.2d 166, 168 (Ct. App. 1988) ("A plaintiff in a legal malpractice case must ordinarily establish by expert testimony the standard of care, unless the subject matter is of common knowledge to laypersons.").

"Furthermore, a claimant is required to demonstrate that 'he or she "*most probably* would have been successful in the underlying suit if the attorney had not committed the alleged malpractice."'"  *Stokes-Craven Holding Corp. v. Robinson*, 416 S.C. 517, 525, 787 S.E.2d 485, 489 (2016) (emphasis added) (quoting *Doe v. Howe*, 367 S.C. 432, 442, 626 S.E.2d 25, 30 (Ct. App. 2005)).  As to loss of settlement value, this court has held,

> The client's burden of establishing proximate cause in a legal malpractice action requires that he prove that he would have obtained a better result in the underlying matter if the attorney had exercised reasonable care.  The burden does not necessarily compel the client to demonstrate that he would have won the underlying case.  Rather, it is enough for the legal malpractice plaintiff to show that he has lost a valuable right; e.g., the settlement value of the underlying case.  Stated otherwise, "the client need not show a perfect claim.  But the client must show at least that he has lost a *probability* of success as a result of the attorney's negligence."

*Doe*, 367 S.C. at 446, 626 S.E.2d at 32 (emphasis added) (quoting David A. Barry, *Legal Malpractice in Massachusetts: Recent Developments*, 78 Mass. L. Rev. 74, 79 (1993)).

In *Hall v. Fedor*, this court held that the plaintiff "could satisfy the 'most probably' requirement and defeat [the defendant's] summary judgment motion by establishing he 'most probably' would have received a larger settlement than [the settlement obtained by the defendant] *or* that he 'most probably' would have prevailed on the underlying claim at trial." 349 S.C. 169, 175, 561 S.E.2d 654, 657 (Ct. App. 2002) (emphasis added). However, the court held that the plaintiff failed to meet this standard: "[C]onsidering the absence of any admissible evidence presented by [the plaintiff], and in light of the evidence presented by [the defendant], [the plaintiff] failed to show he 'most probably' would have received a settlement amount greater than [the amount obtained by the defendant]." *Id.* at 177, 561 S.E.2d at 658.

Here, the Feldmans likewise failed to present any evidence showing that they most probably would have obtained more than $25,000 to settle their UIM claims. First, the Feldmans presented no evidence that Coggin failed to serve Dickenson with the complaint before the statute of limitations expired or that his failure to file the affidavit of service diminished the settlement value of the case. Neither Liberty Mutual's answer nor its motion to dismiss the case included specific facts indicating how service of process was deficient, and the record does not indicate that Liberty Mutual submitted any supporting affidavits or other evidence or even amended its answer to assert the statute of limitations before the case was settled; therefore, Liberty Mutual waived this defense. *See Unisun Ins. v. Hawkins*, 342 S.C. 537, 542–43, 537 S.E.2d 559, 562 (Ct. App. 2000) (holding that the defendant waived the defense of insufficiency of service of process by failing to specify any defects in the service of process and thereby also waived his statute of limitations defense).

Notwithstanding the lack of merit to Liberty Mutual's motion to dismiss, the attorney who took over representation of the Feldmans after Coggin filed his motion to be relieved, Samuel Bauer, accepted Liberty Mutual's $25,000 settlement offer. The record indicates Bauer's recommendation to accept this offer was based on the mistaken assumption that Liberty Mutual's motion to dismiss had merit. In the expert affidavit attached to the Feldmans' malpractice complaint, Bauer stated that Coggin's failure to timely serve Dickenson precluded the Feldmans' recovery of a judgment against Dickenson.

As to the Feldmans' assertion that Coggin failed to adequately prepare the UIM case "for settlement, mediation[,] and trial," Bauer did not include in his affidavit the standard of care for case preparation or otherwise address the alleged failure of Coggin to adequately prepare the UIM case. In fact, the Feldmans presented no evidence establishing the standard of care or Coggin's breach of that standard. It was not until Coggin filed his summary judgment motion alerting the Feldmans to this court's precedent in *Unisun* that the Feldmans even asserted the claim that Coggin failed to adequately prepare the UIM case. Moreover, it was not until after the circuit court conducted a hearing on the summary judgment motion that the Feldmans sought Coggin's consent to amend their complaint to add the new failure-to-prepare allegations. The statutory requirement for an expert affidavit to be attached to a malpractice complaint would be rendered meaningless if the Feldmans were allowed to proceed on this new theory of liability without a supporting sworn statement from an expert. *See* S.C. Code Ann. 15-36-100(B) (Supp. 2018) (requiring the plaintiff in a professional negligence action to "file as part of the complaint an affidavit of an expert witness [that] must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit"); § 15-36-100(F) (authorizing the dismissal of a complaint for failure to timely file the expert's affidavit); *Ranucci v. Crain*, 409 S.C. 493, 509, 763 S.E.2d 189, 197 (2014) ("[T]he General Assembly sought to promote tort reform by creating a more efficient process in resolving all professional negligence cases by enacting section 15–36–100.").

Additionally, the Feldmans presented no evidence to refute Coggin's testimony that Bob's golfing activities greatly compromised the value of his UIM claim and that Liberty Mutual's counsel questioned Bob about these activities during Bob's deposition. Coggin's testimony also belies the Feldmans' assertions that Bob's medicals exceeded $100,000 and his lost wages exceeded $200,000. During Coggin's deposition, the Feldmans' counsel attempted to elicit testimony that Bob's medical expenses exceeded $100,000 based on one of the settlement demand letters Coggin had written; however, Coggin indicated the amounts stated in the demand letters were just estimates, and he later clarified that he was estimating the *impairment value* at $100,000 and *future* medicals at $60,000. The Feldmans presented no evidence to refute this testimony.

Coggin also stated that Bob would evade Coggin's questions about whether Bob had actually worked before the accident and the amount he earned. Again, the Feldmans did not present any evidence to refute this testimony. While the Feldmans

point to Coggin's settlement demand letters,[1] these letters do not serve as evidence of the actual amounts of medicals and lost wages. Likewise, the Feldmans presented no evidence refuting Coggin's testimony that Bob was unwilling to pay the substantial expenses necessary to prepare his case for trial.

Based on the foregoing, the circuit court properly granted summary judgment to Coggin. *See David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 250, 626 S.E.2d 1, 5 (2006) ("[S]ummary judgment is completely appropriate when a properly supported motion sets forth facts that remain undisputed or are contested in a deficient manner."); *Sims v. Amisub of S.C., Inc.*, 408 S.C. 202, 208, 758 S.E.2d 187, 190–91 (Ct. App. 2014) ("Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial." (quoting *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct. App. 2004))); *Eadie v. Krause*, 381 S.C. 55, 64 n.5, 671 S.E.2d 389, 393 n.5 (Ct. App. 2008) ("[T]o survive a motion for summary judgment, the plaintiff must offer some evidence that a genuine issue of material fact exists as to *each* element of the claim unless that element is either uncontested or agreed to by stipulation; otherwise, the plaintiff cannot meet his burden of proof and the claim may be determined as a matter of law by the trial judge." (emphasis added)); *see also Robinson*, 416 S.C. at 525, 787 S.E.2d at 489 ("[A] claimant is required to demonstrate that 'he or she "most probably would have been successful in the underlying suit if the attorney had not committed the alleged malpractice."'" (quoting *Doe*, 367 S.C. at 442, 626 S.E.2d at 30)); *Hall*, 349 S.C. at 177, 561 S.E.2d at 658 (affirming summary judgment against a malpractice plaintiff after noting he presented no admissible evidence and concluding that in light of the defendant's evidence, the plaintiff "failed to show he 'most probably' would have received a settlement amount greater than [the amount obtained by the defendant]").

## II. Rule 56(f) Affidavit/Discovery

The Feldmans also argue that summary judgment was inappropriate given counsel's submission of a Rule 56(f) affidavit explaining that discovery was incomplete. We disagree.

---

[1] The record includes a letter from Coggin to Liberty Mutual's counsel that is not a demand letter but merely a cover letter referencing enclosed copies of Bob's medical bills. Upon reviewing this letter to refresh his recollection, Coggin testified that Bob's post-accident medical bills amounted to $47,450.

Rule 56(f), SCRCP, allows, but does not require, the circuit court to grant a continuance or deny summary judgment:

> Should it appear from the affidavits of a party opposing the motion that he *cannot for reasons stated* present by affidavit facts essential to justify his opposition, the court *may* refuse the application for judgment or *may* order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or *may* make such order as is just.

(emphases added). Therefore, it is within the circuit court's discretion to grant relief based on counsel's affidavit. *Cf. Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1977 (2016) (discussing statutory construction and stating that the word "may" implies discretion).

Further, "[a] party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case . . . ." *Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54, 677 S.E.2d 32, 36 (Ct. App. 2009). Moreover, "the nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a "fishing expedition."'" *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) (quoting *Baughman v. Am. Tel. and Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991)).

Here, on February 29, 2016, after Coggin had filed his answer and very little discovery had been conducted, the Feldmans filed a request to transfer this action from the general docket to the jury trial roster pursuant to Rule 40(e)(1), SCRCP,[2] on the ground that the case was more than nine months old. In response to this

---

[2] Rule 40(e)(1) states, in pertinent part,

> No earlier than 9 months after the case was filed, any party in any case on the General Docket may file or re-file and serve upon all other parties a Request to Transfer to the Jury Trial Roster. Within 10 days of the service of the Request to Transfer all non-moving parties shall file and serve either an Agreement to Transfer on the date requested, or a Request for a Scheduling Order . . . .

request, Coggin filed a request for a scheduling order. In this document, Coggin stated that the parties' previous mediation had been unsuccessful but "despite the fact that the mediation was still not declared to be at an impasse and before a single deposition had been taken or even noticed, [the Feldmans] requested that this case be transferred to the jury trial [roster]."

On March 31, 2016, Judge Mullen conducted a hearing on the requests. Judge Mullen ruled that the case would not be called for trial before January 1, 2017, and the parties agreed on additional deadlines prior to the trial date as set forth in Judge Mullen's scheduling order. The order required, *inter alia*, the Feldmans to identify each person they expected to call as an expert *at trial* by August 1, 2016, and discovery to be completed no later than December 1, 2016.

It was not until after May 16, 2016, when Coggin filed his summary judgment motion alerting the Feldmans to this court's precedent in *Unisun*, that the Feldmans' counsel filed a Rule 56(f) affidavit seeking a continuance until discovery could be completed. The affidavit also stated that the Feldmans had "commenced the process of information exchange with . . . potential expert witnesses and anticipate shortly having justification to identify [these individuals] as expert witnesses for trial," including a "life care plan" expert, a vocational expert, an expert "competent to provide an additional opinion as to the various acts and omissions of [Coggin that] constitute legal malpractice," and a present value expert. Counsel asserted, "Depending on the outcome of pending discovery, the [Feldmans] may seek to amend their Verified Complaint to include additional specific allegations of legal malpractice, based on [Coggin's] failures to secure a life care plan expert, a vocational expert and an expert to reduce the damages to present value, which . . . resulted in [the Feldmans] losing valuable rights, including diminution in the settlement value of the case."

However, the affidavit does not explain why the expert affidavit attached to the Feldmans' complaint does not address Coggin's alleged failure to prepare the UIM case in a particular fashion before mediation or why they did not have such an affidavit by the time Coggin filed his summary judgment motion. *See* § 15-36-100(B) (requiring the plaintiff in a professional negligence action to "file as part of the complaint an affidavit of an expert witness [that] must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit"). The absence of a failure-to-prepare claim in the Feldmans' complaint, the absence of support for such a claim in the attached expert affidavit, and the Feldmans' motion to transfer the case to the jury trial roster belie their argument that they simply did not have

enough time to conduct discovery. These factors also belie the likelihood of successfully obtaining evidence of Coggin's breach of the standard of care for this type of claim. *See Dawkins*, 354 S.C. at 69, 580 S.E.2d at 439 ("[T]he nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a "fishing expedition."'" (quoting *Baughman*, 306 S.C. at 112, 410 S.E.2d at 544)); *Guinan*, 383 S.C. at 54, 677 S.E.2d at 36 ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case . . . .").

Based on the foregoing, we conclude that the circuit court did not abuse the discretion it had under Rule 56(f) by implicitly declining to either continue the case or deny summary judgment.

## III. Allegations of Complaint

In their complaint, the Feldmans alleged that Coggin failed to meet the minimum standard of care by "*other such particulars as the evidence in this case may demonstrate*." They argue that this language placed Coggin on notice of their failure-to-prepare claim and they were "entitled [to] all reasonable inferences concerning the allegations of the Verified Complaint, the Motion to Amend, and from the deposition of [Coggin]."

A plaintiff may not rely on merely his pleadings to defeat a summary judgment motion. *See Skywaves I Corp. v. Branch Banking & Tr. Co.*, 423 S.C. 432, 453, 814 S.E.2d 643, 654 (Ct. App. 2018) ("Once a party moving for summary judgment carries the initial burden of showing an absence of evidentiary support for the nonmoving party's case, the nonmoving party may not simply rest on mere allegations or denials contained in the pleadings." (quoting *NationsBank v. Scott Farm*, 320 S.C. 299, 303, 465 S.E.2d 98, 100 (Ct. App. 1995))).

To the extent the Feldmans argue their complaint's allegations were broad enough to cover their failure-to-prepare claim such that the circuit court could consider corresponding testimony, any failure to consider this testimony could not have prejudiced them because they presented no evidence of the standard of care by which to determine a breach of a duty. *See Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009) ("Generally, appellate courts will not set aside judgments due to insubstantial errors not affecting the result."); *Eadie*, 381 S.C. at 64 n.5, 671 S.E.2d at 393 n.5 ("[T]o survive a motion for summary judgment, the

plaintiff must offer some evidence that a genuine issue of material fact exists as to *each* element of the claim unless that element is either uncontested or agreed to by stipulation; otherwise, the plaintiff cannot meet his burden of proof and the claim may be determined as a matter of law by the trial judge." (emphasis added)); *McNair*, 330 S.C. at 342, 499 S.E.2d at 494 ("A plaintiff in a legal malpractice action must generally establish the standard of care by expert testimony.").

## IV.    Order Format

The Feldmans contend that Rule 52(a), SCRCP, required the circuit court to include findings of fact and conclusions of law in its order granting summary judgment and its order denying their motion to alter or amend.  We disagree.  Rule 52(a) states, in pertinent part,

> In all actions *tried upon the facts* without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58. . . . *Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56* or any other motion except as provided in Rule 41(b).[3]

(emphases added).  Therefore, we reject the Feldmans' argument that the circuit court's orders were deficient.

## CONCLUSION

Based on the foregoing, we affirm the circuit court's order granting summary judgment to Coggin.

---

[3] Rule 41(b), SCRCP, addresses involuntary dismissal of a complaint and requires findings of fact and conclusions of law when the circuit court resolves the factual issues and renders judgment on the merits.  In contrast, the circuit court's ruling on a summary judgment motion under Rule 56, SCRCP, does not involve resolving factual issues but merely determines whether any genuine factual issues exist.  *See S.C. Prop. & Cas. Guar. Ass'n v. Yensen*, 345 S.C. 512, 518, 548 S.E.2d 880, 883 (Ct. App. 2001) ("At the summary judgment stage of litigation, the court does not weigh conflicting evidence with respect to a disputed material fact.").

**AFFIRMED.**[4]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.